UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
STEPHEN A. AGAPITO, :
:
                  Plaintiff, : 12 Civ. 2108 (PAC) (HBP)
:
   - against - : **ORDER ADOPTING REPORT**
: **AND RECOMMENDATION**
CAROLYN W. COLVIN, Acting :
Commissioner of Social Security, :
:
                  Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Stephen A. Agapito ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act ("SSA"), challenging the Commissioner of Social Security's (the "Commissioner") decision to deny Plaintiff Disability Insurance Benefits ("DIB").[1] Both parties cross-moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). On August 12, 2013, Magistrate Judge Henry B. Pitman issued a Report & Recommendation ("R&R") recommending that the Court grant the Plaintiff's motion, deny the Commissioner's motion, and remand the action for further administrative proceedings. Specifically, Magistrate Judge Pitman held that Administrative Law Judge Robert Gonzalez ("ALJ Gonzalez") erred by (1) not explicitly addressing the weight given to Doctor Mary Dore's ("Dr. Dore") and Doctor Paolo Ampil's ("Dr. Ampil") medical opinions and (2) improperly assessing the Plaintiff's credibility regarding his complaints of pain.

On September 20, 2013, the Commissioner filed timely objections to the R&R, arguing that both holdings should not be adopted. Having reviewed the R&R and the Commissioner's objections, the Court adopts Magistrate Judge Pitman's R&R in its entirety.

---

[1] The Court assumes familiarity with the facts summarized in the R&R. (See ECF No. 20.)

1

## DISCUSSION

**I. Standard of Review**

This Court reviews the administrative record and the ALJ's decision to determine whether it is supported by substantial evidence and relies upon correct legal standards. *Pollard v. Halter*, 377 F.3d 183, 188 (2d Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotations omitted). This Court must defer to an ALJ's findings that are based on substantial evidence, *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999), and accept an ALJ's factual determinations where the administrative record supports disparate findings, *Quinones v. Charter*, 117 F.3d 29, 36 (2d Cir. 1997).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection is made to the magistrate judge's recommendations, the court is required to review the contested portions *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

**II. Analysis**

    **A. The ALJ Did Not Adequately Develop the Record in Reviewing the Medical Opinions**

Prior to making a disability determination, an ALJ must develop a claimant's medical history and make every reasonable effort to get medical reports from his or her own medical sources. *See* 20 C.F.R. § 404.1512(d). Similarly, "[a]n ALJ is required to give controlling weight to the medical opinion of a claimant's treating physician when that opinion: (1) concerns the nature and severity of an impairment; (2) is well-supported by medically acceptable clinical

and laboratory diagnostic techniques; and (3) is not inconsistent with other substantial evidence in the case record." *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010). Where a treating source's opinion is not given controlling weight, the proper weight accorded by the ALJ depends upon several factors, including: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Clark v. Comm'r of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998); *see* 20 C.F.R. § 404.1527(c)(2). When the ALJ has failed to affirmatively develop the record, remand to the Commissioner for further development is appropriate. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

ALJ Gonzalez failed to adequately develop the record as to his review of Dr. Dore's medical opinion. In deciding that "Dr. Dore's opinion is not fully persuasive," ALJ Gonzalez offered only the following:

> Dore . . . opined that the claimant could not do heavy lifting, bending, stooping, crouching or working in dusty environments. In the same note, Dr. Dore stated that the claimant's pain had improved within a few months with medication only. Dr. Dore further noted that the claimant had 'mild asthma when he has bronchitis,' but there are no documented asthma attacks in the clinical record.

Tr. 25 (citations omitted). As an initial matter, the Court cannot conduct a meaningful review of ALJ Gonzalez's opinion because he did not specify the weight he afforded to Dr. Dore's opinion. The description "not fully persuasive" will not do. Even if ALJ Gonzalez had described Dr. Dore's opinion as not controlling, he was still obligated to review the regulatory factors to describe how he reached that conclusion. *See Pimenta v. Barnhart*, No. 05 Civ. 5698, 2006 WL 2356145, at *5 (S.D.N.Y. Aug. 14, 2006) (remanding case where "the ALJ did not discuss [the treating physician's] qualifications, or the length, frequency, nature, and extent of his

relationship with the plaintiff").[2] Similarly, ALJ Gonzalez was required to provide "good reasons" for not giving Dr. Dore's opinion controlling weight. *See Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004). Instead, he merely remarked that Plaintiff's pain had improved with medication and that he had no documented asthma attacks. *See* Tr. 25. Such slight inconsistencies in the record do not constitute "substantial evidence," *see Meadors*, 370 F. App'x at 182, particularly when other medical opinions support Dr. Dore's opinion. Furthermore, if ALJ Gonzalez believed that Dr. Dore's opinion was inconsistent with other reports, he should have sought clarification—not discredit Dr. Dore's opinion completely. *See* C.F.R. § 404.1512(e) (stating that when the evidence received is inadequate, the ALJ must "recontact [the] treating physician . . . or other medical source to determine whether the additional information . . . is readily available"); *see also Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010).

ALJ Gonzalez's review of Dr. Ampil's medical opinion was inadequate for substantially the same reviews. ALJ Gonzalez gave Dr. Ampil's opinion "little weight" after stating the following:

> Dr. Ampil assessed limitations consistent with sedentary work, and opined that the claimant was 'totally disabled.' Dr. Ampil's opinion is not well supported by clinical or laboratory findings; in fact, other than providing minimal objective findings, Dr. Ampil attributed the claimant's pain to 'a lot of heavy lifting' and 'to being overweight.'

Tr. 25 (citations omitted). As with the ALJ's review of Dr. Dore's opinion, the ALJ neither referenced opinions by other doctors or the factors identified in 20 C.F.R. § 404.1527(c). If he had, he would have noted that the opinions of both Dr. Dore and Dr. Racenelli, who read

---

[2] The Commissioner asserts that the ALJ performed this analysis by stating that "Plaintiff sought 'little in the way of treatment' and that the treatment was conservative in nature." *See* Def.'s Obj. at 5 (quoting Tr. 24-25). But an ALJ must examine a claimant's relationship with the treating physician, not the claimant's general medical history. *See* 20 C.F.R. § 404.1527(c) (discussing the "treatment relationship"). Furthermore, such perfunctory discussion of Plaintiff's treatment history is not adequate to permit meaningful review.

4

Plaintiff's 2009 CT scan, supported Dr. Ampil's medical opinion. Furthermore, ALJ Gonzalez's description of Dr. Ampil's opinion as providing only "minimal objective findings," *see* Tr. 25, is not supported by the evidence. In addition to Plaintiff's subjective complaints of pain, Dr. Ampil based his diagnosis on Plaintiff's functional capacity on Plaintiff's 2009 CT scan and his own physical examination of Plaintiff, including a positive straight leg test. *See* Tr. 282-85. As a result, ALJ Gonzalez's perfunctory discussion of Dr. Ampil's medical findings is inadequate and must be developed further.

Accordingly, the Court adopts Magistrate Judge Pitman's R&R and holds that ALJ Gonzalez failed to sufficiently explain the basis for not affording controlling weight to the medical opinions of Dr. Ampil and Dr. Dore.[3] The case is remanded for further development of the record consistent with this opinion.

**B.     The ALJ Did Not Properly Evaluate Plaintiff's Subjective Complaints of Pain**

"Evidence of pain is an important element in the adjudication of DIB . . . claims, and must be thoroughly considered in calculating the RFC of a claimant." *Meadors*, 370 F. App'x at 183. First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. *See* 20 C.F.R. § 404.1529(c)(1). Second, the ALJ must evaluate the intensity and persistence of those symptoms in light of all available evidence. *See id.* § 404.1529(c)(3). To the extent claimant's claims are unsubstantiated by objective medical evidence, the ALJ must then access the claimant's credibility. *Id.* When an ALJ rejects testimony as not credible, the ALJ's reasoning must "be set

---

[3] To the extent Magistrate Judge Pitman relied on *Cruz v. Sullivan*, 912 F.2d 8 (2d Cir. 1990), the Court does not adopt that portion of the R&R. *Cruz* was decided prior to the regulations codified at 20 C.F.R. § 404.1527(c), which require an ALJ to give controlling weight to a medical opinion only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques."

5

forth with sufficient specificity to permit intelligible plenary review of the record." *Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1988).

ALJ Gonzalez improperly evaluated Plaintiff's subjective complaints of pain. It is improper for an ALJ to "first determine[] plaintiff's overall RFC and then use[] that RFC to discount plaintiff's non-conforming allegations and resulting limitations." *Norman v. Astrue*, 912 F. Supp. 2d 33, 44 (S.D.N.Y. Sept. 25, 2012). To do so "reverses the standard in a way that is not only illogical, but also prejudicial to the claimant." *Cruz v. Colvin*, 12 Civ. 7346, 2013 WL 3333040, at *16 (S.D.N.Y. July 2, 2013). Here, ALJ Gonzalez concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 24.[4] ALJ Gonzalez committed legal error by basing his credibility determination, in part, on Plaintiff's RFC, and therefore remand is appropriate. Although the ALJ did set forth additional reasoning to support this determination, *see* Def.'s Obj. at 9, the ALJ is directed to describe these reasons with more "specificity to permit intelligible plenary review," *see* Williams, 859 F.2d at 260-61.

---

[4] The Commissioner cites a number of cases for the proposition that courts have upheld similar credibility evaluations. (*See* Def.'s Obj. at 8.) But these courts held that the ALJ's credibility finding was supported by substantial evidence, not that the ALJ properly evaluated the claimant's credibility based on his or her RFC. To the extent the cases stand for that proposition, the Court disagrees.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded to the Social Security Administration. The Court adopts Magistrate Judge Pitman's R&R in its entirety. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
    February 20, 2014

SO ORDERED

*Paul Crotty*
PAUL A. CROTTY
United States District Judge